```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                  :
LILIAN PATRICIA GUZMAN CARDENAS,                                  :
                                                                  :
                           Petitioner,                            :
                                                                  :    25-CV-9169 (JMF)
           -v-                                                    :
                                                                  :    MEMORANDUM OPINION
JUDITH C. ALMODOVAR et al,                                        :        AND ORDER
                                                                  :
                           Respondents.                           :
                                                                  :
------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

      Petitioner Lilian Patricia Guzman Cardenas, a Honduran national, has been in the United States for more than two decades since she entered the country illegally. An immigration judge ordered her removed in November 2005, but in 2016, her father, who was a lawful permanent resident at the time (and since has become a citizen), filed a petition on her behalf to allow her to remain in the United States. In response, the Government "agreed to reopen and voluntarily dismiss [Guzman's] prior removal proceedings without prejudice" so that she could apply for a waiver of inadmissibility that, if granted, would allow her to temporarily depart the United States for a consular interview in Honduras and return on a visa. ECF No. 18 ("Resps.' Mem."), at 1. Just over two weeks ago, Guzman went to a scheduled appointment with Immigration and Customs Enforcement ("ICE"), after which — without warning or explanation — she was taken into custody by ICE, served with a new Notice to Appear charging her with inadmissibility under 8 U.S.C. § 1182(a)(6)(A)(i), and detained (first in this District and now in Louisiana). While detained in this District, she filed a Petition, pursuant to 28 U.S.C. § 2241, for the writ of habeas

corpus. *See* ECF No. 1 ("Pet.").[1]

Guzman's Petition turns principally on a question that dozens of other district courts have recently confronted: whether, as a person who has long been living in the United States after entering the country unlawfully, she is detained under 8 U.S.C. § 1225(b)(2)(A) or she is detained under 8 U.S.C. § 1226(a). The distinction has great significance because detention under Section 1225(b)(2)(A) is, with rare exceptions not relevant here, mandatory. *See, e.g.*, *Tumba Huamani v. Francis*, No. 25-CV-8110 (LJL), 2025 WL 3079014, at *2 (S.D.N.Y. Nov. 4, 2025). By contrast, "[d]etention pending adjudication of removal under Section 1226 is discretionary and affords noncitizens detained thereunder the right to an initial determination as to eligibility for release and the opportunity for a bond hearing upon detention." *Id.* (citing 8 C.F.R. § 1236.1(d)(1)). The Supreme Court and the Second Circuit have not yet confronted a case that presents the question. District courts that have addressed it are split — although the split is tilted, *heavily*, in favor of applying the more petitioner-friendly Section 1226(a) in circumstances like those presented here. *See, e.g.*, *Bernardo Aquino v. Larose*, No. 25-CV-2904-RSH-MMP, 2025 WL 3158676, at *3 (S.D. Cal. Nov. 12, 2025) ("The overwhelming majority of courts to address the issue have agreed that Section 1226(a), rather than the mandatory detention provision of Section 1225(b)(2)(A), applies to a noncitizen . . . who has resided in the United States for many years." (citing cases)).

Indeed, by the Court's count, there are scores of decisions — in this Circuit and beyond — on the Section 1226(a) side of the split. *See, e.g.*, *Morales Chavez v. Dir. of Detroit Field*

---

[1] Guzman's reply in support of her Petition is due today. *See* ECF No. 16. Upon review of Respondents' opposition, however, the Court concludes that there is no need to await Guzman's reply. Nor is there need for an evidentiary hearing, as the Petition "presents only issues of law." *Tumba Huamani v. Francis*, No. 25-CV-8110 (LJL), 2025 WL 3079014, at *1 n.1 (S.D.N.Y. Nov. 4, 2025) (cleaned up) (citing 28 U.S.C. § 2243 and *Kelly v. Almodovar*, 25-CV-6448 (AT), 2025 WL 2381591, at *1 n.1 (S.D.N.Y. Aug. 15, 2025)).

2

*Off.*, No. 25-CV-2061, 2025 WL 3187080, at *7 & nn.5-6 (N.D. Ohio Nov. 14, 2025) (collecting cases); *Contreras-Cervantes v. Raycraft*, No. 25-CV-13073, 2025 WL 2952796, at *8 & n.4 (E.D. Mich. Oct. 17, 2025) (same); *Rodriguez Vasquez v. Bostock*, — F. Supp. 3d —, No. 25-CV-5240-TMC, 2025 WL 2782499, at *1 & n.3 (W.D. Wash. Sept. 30, 2025) (same). By contrast, the Court has found only a dozen — all out of Circuit — that have adopted the Section 1225(b)(2)(A) position. *See Manzo Valencia v. Chestnut*, No. 25-CV-1550 WBS JDP, 2025 WL 3205133, at *2-4 (E.D. Cal. Nov. 17, 2025); *Cortes Alonzo v. Noem*, No. 25-CV-1519 WBS SCR, 2025 WL 3208284, at *2-5 (E.D. Cal. Nov. 17, 2025); *Montoya Cabanas v. Bondi*, No. 25-CV-4830, 2025 WL 3171331, at *3-6 (S.D. Tex. Nov. 13, 2025); *Altamirano Ramos v. Lyons*, No. 25-CV-9785-SVW-AJR, 2025 WL 3199872, at *4-8 (C.D. Cal. Nov. 12, 2025); *Mejia Olalde v. Noem*, No. 25-CV-168-JMD, 2025 WL 3131942, at *2-5 (E.D. Mo. Nov. 10, 2025); *Silva Oliveira v. Patterson*, No. 25-CV-1463, 2025 WL 3095972 (W.D. La. Nov. 4, 2025); *Barrios Sandoval v. Acuna*, No. 6:25-CV-1467, 2025 WL 3048926 (W.D. La. Oct. 31, 2025); *Cirrus Rojas v. Olson*, No. 25-CV-1437, 2025 WL 3033967 (E.D. Wis. Oct. 30, 2025); *Garibay-Robledo v. Noem*, No. 25-CV-177, Dkt. No. 9, at 1, 4-9 (N.D. Tex. Oct. 24, 2025); *Vargas Lopez v. Trump*, — F. Supp. 3d —, No. 8:25-CV-526, 2025 WL 2780351 (D. Neb. Sept. 30, 2025); *Sixtos Chavez v. Noem*, — F. Supp. 3d —, No. 3:25-CV-2325, 2025 WL 2730228 (S.D. Cal. Sept. 24, 2025); *see also Alvarenga Pena v. Hyde*, No. 25-CV-11983-NMG, 2025 WL 2108913, at *2 (D. Mass. July 28, 2025) (applying Section 1225(b)(2)(A) without discussion).

  This Court need not spill much ink on the issue, as it agrees with the overwhelming weight of authority and concludes that Guzman is detained under Section 1226(a), not — as Respondents argue — under Section 1225(b)(2)(A). In particular, the Court is persuaded by the thorough and well-reasoned analyses of the issue by Judge Liman in *Tumba Huamani*, 2025 WL

3079014, at *2-5, Judge Ho in *Lopez Benitez v. Francis*, — F. Supp. 3d —, No. 25-CV-5937 (DEH), 2025 WL 2371588, at *3-9 (S.D.N.Y. Aug. 13, 2025), Judge Subramanian in *J.G.O. v. Francis*, No. 25-CV-7233 (AS), 2025 WL 3040142, at *2-5 (S.D.N.Y. Oct. 28, 2025), and Judge Cartwright in *Rodriguez Vasquez*, 2025 WL 2782499, at *16-26.  As they explain, that conclusion is compelled by the text of Section 1225 itself, *see, e.g.*, *Tumba Huamani*, 2025 WL 3079014, at *7; *J.G.O.*, 2025 WL 3040142, at *3; by the context and "overall statutory scheme," *e.g.*, *J.G.O.*, 2025 WL 3040142, at *4 (internal quotation marks omitted); by the amendment history of Section 1226, including an amendment enacted just months ago, *see, e.g.*, *id.* (citing the Laken Riley Act, Pub. L. No. 119-1); and (until this year) the Executive Branch's own longtime understanding of the statutory scheme, *see, e.g.*, *id.* at *4-5; *Rodriguez Vasquez*, 2025 WL 2782499, at *24-26.[2]  Accordingly, the Court concludes that Guzman is detained under Section 1226(a) and that Respondents' argument that detention is mandatory fails.[3]

That is not the end of the analysis, however, because Respondents argue in the alternative that, even if Section 1226(a) applies, Guzman "should be required to exhaust her administrative

---

[2]  Consistent with Respondents' own prior understanding of the statutory scheme, Guzman was — like the petitioners in *Tumba Huamani* and *Lopez Benitez* — understood by Respondents to be subject to Section 1226 prior to this litigation.  In both 2005 and 2025, she was designated in Notices to Appear as "an alien present in the United States who has not been admitted or paroled" (the relevant category for Section 1226 purposes), not as "an arriving alien" (the relevant category for Section 1225 purposes).  *See* ECF No. 19-2, at 4, 7; ECF No. 19-8, at 2; *see also Tumba Huamani*, 2025 WL 3079014, at *4.  In addition, prior to the dismissal of her 2005 removal proceedings, Guzman was released on her own recognizance "in accordance with section 236 of the Immigration and Nationality Act."  ECF No. 19-3, at 2 (emphasis added); *see also Tumba Humani*, 2025 WL 3079014, at *5 (explaining that this "form of relief" is "available only under 8 U.S.C. § 1226(a)(2)(B), and not under Section 1225(b)(2)").  In other words, the record suggests that, even before Guzman had resided in the United States for over twenty years, Respondents understood that Section 1226 governed her detention pending removal proceedings.

[3]  As Judge Ho observes, this conclusion is also consistent with the Supreme Court's decision in *Jennings v. Rodriguez*, 583 U.S. 281, 288-89 (2018).  *See Lopez Benitez*, 2025 WL 2371588, at *3-4 (quoting *Jennings*, 583 U.S. at 288-89).

4

remedies through a bond hearing before obtaining relief from a federal court." Resps.' Mem. 21. Here too, the Court follows the lead of Judges Liman and Ho. For reasons they explained in *Tumba Huamani* and *Lopez Benitez*, to accept that argument is to ignore the gravamen of Petitioner's claim, which is that the Government violated her due process rights by detaining her without exercising any discretion in the first instance. *See Tumba Huamani*, 2025 WL 3079014, at *7-8; *Lopez Benitez*, 2025 WL 2371588, at *14. "Given the nature of the constitutional violation" alleged here, "any post-deprivation review by an immigration judge would be inadequate. This is particularly so given that detention under § 1226(a) is frequently prolonged because it continues until all proceedings and appeals are concluded." *Lopez Benitez*, 2025 WL 2371588, at *14 (cleaned up); *see also, e.g.*, *Chipantiza-Sisalema v. Francis*, No. 25-CV-5528 (AT), 2025 WL 1927931, at *3 (S.D.N.Y. July 13, 2025).

Respondents do not dispute that, if Guzman is detained under Section 1226(a) and exhaustion is not required, she is entitled to the writ, and for good reason. The Due Process Clause of the Fifth Amendment prevents the Government from depriving any person — including non-citizens, "whether their presence here is lawful, unlawful, temporary, or permanent," *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001) — of "life, liberty, or property without due process of law." U.S. Const. amend. V. "Freedom from imprisonment — from government custody, detention, or other forms of physical restraint — lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas*, 533 U.S. at 690. It mandates that a person not be detained unless she has been "given[] notice of the case against [her] and opportunity to meet it." *Mathews v. Eldridge*, 424 U.S. 319, 348 (1976). Respondents here violated that fundamental mandate, as Guzman received neither notice nor an opportunity to be heard as to whether a change in her custody status was warranted. Indeed, even today, Respondents do not argue that

5

there is any factual basis upon which they have determined that Guzman should no longer be at liberty on her own recognizance — let alone that she is either a flight risk or a danger to the community. "'In fact, nothing in the record reflects (1) who made the decision to detain her, (2) when that decision occurred, (3) on what basis the decision to detain her was made, (4) whether there was any material change in circumstances with respect to her that triggered her detention, or (5) whether there was any sort of new policy in place that triggered her detention.'" *Tumba Huamani*, 2025 WL 3079014, at *6 (cleaned up) (quoting *Lopez Benitez*, 2025 WL 2371588, at *11). Put simply, "[c]onsidering the complete absence of any reason for Petitioner's arrest under Section 1226, either in the record or in the briefing, this Court cannot conclude that her . . . re-detention is compliant with . . . the Due Process Clause." *Id.* at *7. The remedy for this violation is release. *See Lopez Benitez*, 2025 WL 2371588, at *15 (reaching that result by applying the *Mathews* test); *Tumba Huamani*, 2025 WL 3079014, at *8-9 (concluding that the *Mathews* test does not apply but reaching the same result anyway).

That resolves the Petition, but — regrettably — the Court feels compelled to call counsel for Respondents out for what appears to be a failure to comply with the duty of candor to the tribunal. *See* ABA Model Rule of Professional Conduct 3.3 ("A lawyer shall not knowingly . . . fail to disclose to the tribunal legal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel . . . ."); *see also, e.g.*, *Juca v. Aviles-Ramos*, No. 25-CV-6972 (DEH), 2025 WL 2978562, at *2 n.2 (S.D.N.Y. Oct. 22, 2025) ("[T]he failure to acknowledge authority from the Circuit or this Court that is directly contrary to [a party's] position is inconsistent with the Duty of Candor Toward the Tribunal."). Reading Respondents' memorandum of law in opposition to the Petition, one would be forgiven for thinking that application of Section 1225(b)(2)(A) to a petitioner in Guzman's

6

position was an uncontroversial, if not settled, proposition. Respondents do not cite even one case going the other way, let alone acknowledge that their position has been rejected by the overwhelming majority of district judges to consider the issue, including every single one in this Circuit.[4] Granted, none of those decisions was "controlling" here, but the Court expects better from litigants before this Court — and all the more so from the United States Attorney's Office, which "is the representative not of an ordinary party to a controversy, but of a sovereignty whose obligation to govern impartially is as compelling as its obligation to govern at all; and whose interest, therefore, . . . is not that it shall win a case, but that justice shall be done." *Berger v. United States*, 295 U.S. 78, 88 (1935). To ensure that this failing does not happen again, no later than **November 19, 2025**, counsel for Respondents shall share a copy of this Memorandum Opinion and Order with the Chief of the Civil Division of the U.S. Attorney's Office and confirm that she has done so (in the letter, referenced below, certifying Guzman's release).

\*        \*        \*        \*

For the reasons stated above, Guzman's Petition for the writ of habeas corpus is GRANTED, and Respondents are ORDERED to immediately release her from custody and certify compliance with this Order no later than **5:00 p.m.** on **November 19, 2025**. *See, e.g.*, *Tumba Huamani*, 2025 WL 3079014, at \*9; *Samb v. Joyce*, 25-CV-6373 (DEH), 2025 WL 2398831, at \*3 (S.D.N.Y. Aug. 19, 2025).[5] In light of the Court's Order, Petitioner's motion for

---

[4] Respondents cite only two of the twelve cases cited above that support their own position. *See* Resps.' Mem. 14 (citing *Vargas Lopez* and *Chavez*).

[5] Some courts in similar situations have, in granting the writ, also ordered the respondents "to transport the petitioner back to the Southern District of New York before releasing them from custody." *Tumba Huamani*, 2025 WL 3079014, at \*9 n.6 (citing cases). But Petitioner did not seek that relief in her papers. "The Court would entertain any request from Petitioner to modify its Order to that effect after Petitioner has met and conferred with the Government." *Id.*

7

transfer back to this District, *see* ECF No. 17, is DENIED as moot.

The Clerk of Court is directed to terminate ECF No. 17 and close this case.

SO ORDERED.

Dated: November 18, 2025
      New York, New York

                                            JESSE M. FURMAN
                                        United States District Judge