```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                        :
LILIAN PATRICIA GUZMAN CARDENAS,                                        :
                                                                        :
                            Petitioner,                                 :
                                                                        :        25-CV-9169 (JMF)
            -v-                                                         :
                                                                        :        MEMORANDUM OPINION
JUDITH C. ALMODOVAR et al,                                              :            AND ORDER
                                                                        :
                            Respondents.                                :
                                                                        :
------------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

      In a Memorandum Opinion and Order entered yesterday at 6:07 p.m., the Court granted Petitioner Lilian Patricia Guzman Cardenas's Petition for the writ of habeas corpus and ordered her immediate release. *See* ECF No. 21. In a footnote, the Court noted that "[s]ome courts in similar situations have, in granting the writ, also ordered the respondents 'to transport the petitioner back to the Southern District of New York before releasing them from custody.'" *Id.* at 7 n.5 (quoting *Tumba Huamani v. Francis*, No. 25-CV-8110 (LJL), 2025 WL 3079014, at *9 n.6 (S.D.N.Y. Nov. 4, 2025)). The Court indicated that it "would entertain any request from Petitioner to modify its Order to that effect after Petitioner has met and conferred with the Government." *Id.* (internal quotation marks omitted).

      At 11:06 p.m. last night, Guzman filed an "emergency" letter motion seeking modification of the Court's Order to require "Respondents to transport Ms. Guzman back to the Southern District of New York prior to release, or, alternatively, to release her directly into the custody of undersigned counsel or her family in New York," noting that Respondents otherwise planned to release her this morning in Louisiana — the location to which Respondents had transferred her after taking her into custody — "far from her home, her family, her attorney, and

the jurisdiction of this Court." ECF No. 22. At 11:43 p.m., the Court ordered Respondents to file any opposition to the letter motion by 9:45 a.m. this morning. *See* ECF No. 23.

At 9:42 a.m., Respondents filed a letter indicating that they do not oppose Guzman's request insofar as "transporting her from Basile, Louisiana, to New York would restore her to the position she was in before she was arrested and detained on November 3, 2025." ECF No. 24, at 1.[1] But Respondents note that, "due to" the "logistical planning" that is required, granting Guzman's motion "will delay immediate release by several days." *Id.* Indeed, Respondents report that Immigrations and Customs Enforcement ("ICE") "estimates that at the earliest, the agency may be able to transfer Petitioner to New York by this Friday, November 21, but ICE has also stated that it could take until the weekend." *Id.*

In light of the foregoing, Guzman's letter motion is GRANTED as unopposed, and Respondents are ORDERED — unless Guzman requests otherwise — to promptly transfer her to be released in the Southern District of New York. Respondents' protestations notwithstanding, the Court is confident — given the record in other cases, *see, e.g.*, *Artiga v. Genalo*, No. 25-CV-

---

[1] In the short time available, the Court has been unable to find any case that addresses the issue presented substantively, but — as the Court noted in its prior Memorandum Opinion and Order — courts have granted the relief Guzman seeks without apparent objection. The conclusion that a court has authority to order transfer back to the initial district of detention is bolstered by the language of 28 U.S.C. § 2243, which provides that, where a petition cannot be resolved as a matter of law, "the person to whom the writ is directed shall be required to produce at the hearing the body of the person detained." Moreover, ordering transfer — at least where it is requested by the petitioner (as some petitioners may prefer immediate release from wherever they are detained to the delay that would follow from an order to transfer the body back to the district of filing) — would seem, at least in some instances, to be necessary to effectuate the writ and provide adequate relief for the constitutional violation. That is, allowing the Government to seize a person unconstitutionally and whisk them away to some far away place and release them there — especially where, as here, the person may have limited resources to get back to their home — seems itself hard to square with the concept of due process. Moreover, the problem is one of the Government's own making: The Government can avoid the costs and inconvenience that arise from granting such relief by not transferring detainees from the region where they were detained in the first instance, especially since such transfers impose costs on the detainees and courts that are called upon to adjudicate petitions for release on short notice.

5208 (OEM), 2025 WL 2829434, at *9 (E.D.N.Y. Oct. 5, 2025) (ordering the Government to transport the petitioner from Folkston, Georgia, back to the Eastern District of New York within one day) — that such transfer could be accomplished as soon as tomorrow rather than Friday (let alone the weekend). Accordingly, the Court modifies its prior Order to require release — and certification thereof — in the Southern District of New York by **5 p.m. TOMORROW, November 20, 2025**, unless, in light of this Order, Guzman's counsel advises Respondents by **noon TODAY** that she would prefer immediate release from Louisiana, in which case the release — and certification thereof — shall be by **5 p.m. TODAY**.

        The Clerk of Court is directed to terminate ECF No. 22.

        SO ORDERED.

Dated: November 19, 2025  
       New York, New York

_____  
JESSE M. FURMAN  
United States District Judge